IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION

| | |
|---|---|
| **DURGA PRASAD SEGABANDI,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 1611-CC00674 |
| **PINNACLE TECHNICAL RESOURCES, INC.** | ) Division: 5 |
| Serve: | ) |
| Corporate Creations Network Inc. | ) |
| 12747 Olive Blvd. #300 | ) |
| Saint Louis, MO 63141 | ) |
| Defendant. | ) |

FILED
JUL 28 2016
JUDY ZERR
CIRCUIT CLERK
ST. CHARLES CO.

## PLAINTIFF'S PETITION

COMES NOW Plaintiff Durga Prasad Segabandi, Pro Se, and for his Petition against Defendant Pinnacle Technical Resources, Inc., states:

### PARTIES AND VENUE

1. Plaintiff is an individual who at all times herein was a resident of Saint Charles County, Missouri.

2. Defendant is a corporation registered to do business in the State of Missouri that regularly conducts business in Saint Charles County, Missouri.

3. Venue is proper because events outlined herein occurred in Saint Charles County, Missouri.

4. This Petition is filed pursuant to 28 U.S.C. 1367(c)(3) & (4), in that Plaintiff originally filed his claims in the U.S. District Court, Cause No. 4:14CV1082, and that on July 1, 2016, the court dismissed Plaintiff's claims brought under federal law and that the court declined to exercise supplemental jurisdiction over Plaintiff's state court claims and that the Federal Court dismissed Plaintiff's state court claims without prejudice.

1

**EXHIBIT A**

## FACTS COMMON TO ALL COUNTS

5. Plaintiff began working for Defendant on or about February 11, 2006.

6. Plaintiff is a male who has an Indian National Origin.

7. Prior to Plaintiff's beginning of employment with the Defendant, Defendant represented that it would sponsor plaintiff nonimmigrant visa (H1B) with the United States government.

8. On or about January 10, 2006, Defendant's CEO, Ximena Vaca, submitted a form I-129, Petition for Nonimmigrant Worker, with the Department of Homeland Security, where it represented that it would employ plaintiff for the period of 01/27/2006 to 01/18/2009 at wages of $68,000.00 per year.

9. On or about January 16, 2006, Defendant's CEO, Ximena Vaca, submitted form ETA 9035E, Labor Condition Application for H-1B & H-1B1 Nonimmigrants ("LCA") to the U.S. Department of Labor, whereby he represented that Defendant would employ Plaintiff at a rate of $68,000.00 per year for the period 1/18/2006 through 01/18/2009; the form also acknowledged that the prevailing wage for Plaintiff's occupation was $63,981.00 per year.

10. The U.S. Immigration and Naturalization Service issued an approval notice (I-797) for Plaintiff's H1B Visa for the period 01/31/2006 through 1/18/2009.

11. On or about September 9, 2008, Defendant's employee and agent, Jessica Narvaez, Vice President of Human Resources issued a letter to the U.S. Citizenship & Immigration Services regarding "H-1B/I-129 Extension on behalf of Durga Prasad Segabandi" whereby it represented that "This letter is submitted as a summary of the continuing agreement for temporary services that exists in the referenced case. Pinnacle Technical Resources, Inc.

**EXHIBIT A**

wishes to retain Mr. Durga Segabandi's temporary professional employment for a projected 36 month period as a Programmer Analyst at a salary of $83,200 per year."

12. On or about September 12, 2008, Defendant's employee and agent, Jessica Narvaez, Vice President of Human Resources, filed a form I-129, Petition for Nonimmigrant Worker, with the Department of Homeland Security, where it represented that it would employ plaintiff for the period of 01/19/2009 through 01/18/2012 at wages of $83,200 per year.

13. On or about September 12, 2008, Defendant's employee, Jessica Narvaez, Vice President of Human Resources, submitted form ETA 9035E, Labor Condition Application for H-1B & H-1B1 Nonimmigrants to the U.S. Department of Labor, whereby she represented that Defendant would employ Plaintiff at a rate from $81,765.00 to $86,000.00 per year for the period 01/19/2009 through 01/18/2012; the form also acknowledged that the prevailing wage for Plaintiff's occupation was $81,765.00 per year.

14. The U.S. Immigration and Naturalization Service issued an approval notice for Plaintiff's H1B Visa for the period 01/19/2009 through 01/18/2012.

15. On or about January 12, 2012, Defendant's CEO, Nina G. Vaca, filed a form I-129, Petition for Nonimmigrant Worker, with the Department of Homeland Security, where it represented that it would employ plaintiff for the period of 01/19/2012 through 01/18/2015 at wages of $1240 per week.

16. On December 12, 2011, Pinnacle CEO issued a letter "To Whom It May Concern" stating that "This is to certify that Durga Segabandi is employed by Pinnacle Technical Resources, Inc. as a Programmer Analyst, upon obtaining Permanent Residence status, his salary will be $85,634 per year".

**EXHIBIT A**

17. During initial Plaintiff employment with Defendant, Defendant represented to Plaintiff that it would pay the costs of Plaintiff's obtaining his Permanent Resident Card ("green card") once Plaintiff had worked for them for a period of two years.

18. After Plaintiff worked for Defendant for a period of two years, Defendant told Plaintiff that they would reimburse his expenses if he obtained his green card on his own.

19. Plaintiff obtained his permanent resident status & green card on February 24, 2012.

20. Plaintiff incurred expenses of at least $7682.67 in obtaining his green card.

21. Defendant refused to compensate Plaintiff for the costs he incurred in obtaining his green card.

22. Pinnacle continued to pay Plaintiff at the rate of $64,480 per year after he obtained permanent resident status.

23. 20 C.F.R. 655.731(c)(3) states:

Benefits and eligibility for benefits provided as compensation for services (e.g., cash bonuses; stock options; paid vacations and holidays; health, life, disability and other insurance plans; retirement and savings plans) shall be offered to the H-1B nonimmigrant(s) on the same basis, and in accordance with the same criteria, as the employer offers to U.S. workers.

24. 20 C.F.R. 655.731(c)(7)(i). states:

If the H-1B nonimmigrant is not performing work and is in a nonproductive status due to a decision by the employer (e.g., because of lack of assigned work), lack of a permit or license, or any other reason except as specified in paragraph (c)(7)(ii) of this section,

4

**EXHIBIT A**

the employer is required to pay the salaried employee the full pro-rata amount due, or to pay the hourly-wage employee for a full-time week (40 hours or such other number of hours as the employer can demonstrate to be full-time employment for hourly employees, or the full amount of the weekly salary for salaried employees) at the required wage for the occupation listed on the LCA.

25. Defendant represented to Plaintiff that it would pay him at the wages listed in the LCA forms.

26. Defendant failed to pay Plaintiff for periods he was in a nonproductive status due to decisions of the Defendant.

27. Defendant paid Plaintiff wages of $51,493.40 in 2006, $64,172.54 in 2007, $58,721.55 in 2008, $7,846.26 in 2009, $54,064.00 in 2010, $55,330.41 in 2011, $54,431.78 in 2012 and $11,045.82 in 2013.

28. Defendant failed to pay plaintiff the wages it promised plaintiff that he would be paid.

29. Defendant failed to pay Plaintiff the prevailing wage for his occupation.

30. Defendant failed to pay plaintiff benefits or allow him to be eligible for benefits on the same basis of its U.S. workers.

## COUNT I – VIOLATIONS UNDER CHAPTER 213 R.S.MO.

31. Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

32. This count is brought pursuant to the Missouri Human Rights Act, § 213.010 R.S.Mo. et seq.

5

**EXHIBIT A**

33. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of his national origin, including but not limited to the following:

   a. Failing to pay plaintiff a salary and benefits equivalent to similarly situated individuals because of his national origin.

34. Defendant limited, segregated, or classified plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee, because of his national origin, as more particularly described above.

35. As a direct and proximate result of these unlawful employment practices, plaintiff has suffered losses of wages, benefits, experience, and career advancement and also has suffered mental anguish and humiliation.

36. The Defendants' conduct was outrageous because of the defendants' evil motive or reckless indifference to the Plaintiff's rights.

WHEREFORE, Plaintiff, Durga Prasad Segabandi prays for a judgment against Defendant Pinnacle Technical Resources, Inc., for an amount to be determined at trial, in excess of $75,000.00, for punitive damages, for his costs and attorney's fees incurred herein, interest, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT II – BREACH OF CONTRACT

37. Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

38. Plaintiff and Defendant entered into a contract whereby Defendant agreed to compensate Plaintiff at the rates set forth in the LCA forms equivalent to the prevailing wage

**EXHIBIT A**

for computer programmers in the St. Louis region as well as paying plaintiff according to the requirements of the Immigration and Nationality Act ("INA") and its supporting regulations, in exchange for Plaintiff's commitment to perform services for Defendant and performance of services for Defendant.

39. Defendant further promised that it would reimburse Plaintiff for the costs he incurred in obtaining his green card in exchange for Plaintiff's services.

40. Defendant further promised that it would pay Plaintiff a salary of $85,634 per year when he obtained his permanent residence status in exchange for Plaintiff's services.

41. Plaintiff fulfilled all of his obligations under the agreement.

42. Defendant failed to perform under the contract by failing to pay Plaintiff the prevailing wage rate, by failing to provide Plaintiff with benefits comparable to its U.S. workers, by failing to pay Plaintiff for periods he was in a nonproductive status due to decisions of the Defendant, by failing to reimburse Plaintiff for the costs incurred in obtaining his green card, and by failing to pay him $85,634.00 per year after he obtained his permanent resident status.

43. As an actual and proximate result of Defendant's breaches of these express and implied contractual terms described herein, Plaintiff has been damaged by lost income, benefits and the costs of obtaining his green card in an amount of at least $138,704.67.

WHEREFORE, Plaintiff, Durga Prasad Segabandi prays for a judgment against Defendant Pinnacle Technical Resources, Inc., for an amount to be determined at trial, but at least $138,704.67, for his costs, interest, and for such other and further relief as the court deems just and proper in the circumstances.

**EXHIBIT A**

## COUNT III – FRAUDULENT MISREPRESENTATION

44. Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

45. Defendant made representations to Plaintiff that it would sponsor Plaintiff's H1B visa and compensate Plaintiff at the rates set forth in the LCA forms equivalent to the prevailing wage for computer programmers in the St. Louis region as well as paying plaintiff according to the requirements of the INA, that it would reimburse Plaintiff for the costs associated with his obtaining a green card, and that it would pay Plaintiff a salary of $85,634 per year when he obtained his permanent residence status.

46. Defendants' representation to Plaintiffs that it would sponsor Plaintiff's H1B visa and compensate Plaintiff at the rates set forth in the LCA forms equivalent to the prevailing wage for computer programmers in the St. Louis region as well as paying plaintiff according to the requirements of the INA, that it would reimburse Plaintiff for the costs associated with his obtaining a green card, and that it would pay Plaintiff a salary of $85,634 per year when he obtained his permanent residence status were false in that Defendant would not and did not pay Plaintiff at the promised amount.

47. Defendant intentionally lowered the Wage level from IV to II in the Labor Condition Application (LCA) filed for the Petition for Nonimmigrant Worker to pay Plaintiff at below his actual skill level which supposed to be based on his education level and work experience during the period of 01/19/2009 through 01/18/2015. Prior to this petition, Defendant represented Plaintiff at the level IV in their LCA representations.

48. Defendant knew at the time it made the representations that they were false.

**EXHIBIT A**

49. Plaintiff detrimentally relied on Defendant's false representations by agreeing to work for the Defendant, by continuing to work for Defendant, by forgoing other employment opportunities, and by incurring expenses in obtaining his green card.

50. Plaintiff had a right to rely on Defendants' false and material representations.

51. As a direct and proximate result of Defendants' false and material representations Plaintiffs sustained injury and damages.

52. The Defendant's conduct was outrageous because of the defendants' evil motive or reckless indifference to the Plaintiff's rights.

WHEREFORE, Plaintiff, Durga Prasad Segabandi prays for a judgment against Defendant Pinnacle Technical Resources, Inc., for an amount to be determined at trial, but in excess of $75,000.00, for punitive damages, for his costs, interest, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT IV – QUANTUM MERUIT

53. Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

54. Plaintiff provided services to Defendant at the Defendant's request and/or with Defendant's acquiescence.

55. Defendant benefited from Plaintiff's services.

56. The services provided by the Plaintiff to Defendant had a reasonable value.

57. Despite demand for payment, Defendant has failed and refused to pay the reasonable value of the services.

WHEREFORE, Plaintiff, Durga Prasad Segabandi prays for a judgment against Defendant Pinnacle Technical Resources, Inc., for an amount to be determined at trial, but in

**EXHIBIT A**

excess of $75,000, for his costs, interest, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT V – BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

58. Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

59. The Plaintiff and the Defendant entered into a contract whereby the Defendant would employ the Plaintiff, as further outlined above.

60. Defendant owed a duty of good faith and fair dealing in its performance of the contract, including:

   a. Following the requirements of 20 C.F.R. 655.731(c)(3) by paying plaintiff benefits and eligibility for benefits provided as compensation for services;

   b. Following the requirements of 20 C.F.R. 655.731(c)(7)(i) by paying plaintiff during periods he was in a non-productive status;

   c. Reimbursing plaintiff for his green card expenses;

   d. Paying plaintiff the prevailing wage.

61. Plaintiff reasonably expected that Defendant would exercise its judgment and discretion in good faith in its performance of the contract.

62. Plaintiff agreed to work for the Defendant and continued to work for the Defendant based on his expectation that Defendant would act with good faith and fair dealing.

63. Defendant acted in bad faith and breached its duty of good faith and fair dealing in the performance of the contracts by arbitrarily exercising its discretion as to the wages and

**EXHIBIT A**

benefits paid to plaintiff during his employment, both while in a productive and non-productive status, and by failing to reimburse Plaintiff for his green card expenses.

64.     Defendant's actions thereby violated the spirit of the contract and denied Plaintiff the expected benefits of the agreement.

65.     As a proximate result of Defendant's breach of the implied covenant of good faith and fair dealing in the performance of the Agreements, Plaintiff has been damaged by lost income, benefits and the costs of obtaining his green card in an amount of at least $138,704.67.

WHEREFORE, Plaintiff, Durga Prasad Segabandi prays for a judgment against Defendant Pinnacle Technical Resources, Inc., for an amount to be determined at trial, but at least $138,704.67, for his costs, interest, and for such other and further relief as the court deems just and proper in the circumstances.

[Notary Seal: Diane A Cox, Notary Public Notary Seal, State of Missouri County of St. Charles, My Commission Expires 04/20/2018, Commission # 14606753]

SUBSCRIBED AND SWORN TO BEFORE ME THIS 28TH DAY OF July, 2016.

MY COMMISSION EXPIRES: 4/20/2018

_____
NOTARY PUBLIC

Respectfully submitted:

_____
Durga Segabandi, Pro Se
1905 Crossbridge Ct.
St. Charles, MO 63303
Ph: 636-851-7339
Dated: 28th July, 2016

11

**EXHIBIT A**



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1611-CC00674 |
|---|---|
| Plaintiff/Petitioner:<br>DURGA PRASAD SEGABANDI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DURGA PRASAD SEGABANDI<br>1905 CROSSBRIDGE CT<br>SAINT CHARLES, MO  63303 |
| Defendant/Respondent:<br> PINNACLE TECHNICAL RESOURCES INC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  PINNACLE TECHNICAL RESOURCES INC
                    **Alias:**
**CORPORATE CREATIONS NETWORK INC**
**12747 OLIVE BLVD #300**
**SAINT LOUIS, MO  63141**

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____7/28/2016_____        _____/S/  Judy Zerr_____
                Date                                                                Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                       Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____  _____
                          Date                                    Notary Public

**Sheriff's Fees**
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $     10.00       |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**